# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-215-FDW

| | |
|---|---|
| JAMES DAVID NANNEY, | |
| Plaintiff, | |
| vs. | **ORDER** |
| ERIC A. HOOKS, | |
| Defendant. | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Motion to Change Venue, (Doc. No. 9). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 8).

## I. BACKGROUND

*Pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Columbia. (Doc. No. 1). The District of Columbia court transferred the matter to this Court due to improper venue. (Doc. No. 3). Plaintiff names as the sole Defendant Eric A. Hooks, Secretary of the Department of Public Safety. The Complaint alleges *verbatim*:

> The Defendant/Respondent violated my constitutional rights to a fair trial by responding to a case against the State of North Carolina, and not Department of Public Safety Prisons System. The Defendant had no right to be a Respondent in this case #1:18-cv-00273-FDW. Because this case did not involved the North Carolina Department of Public Safety prison system. The Plaintiff is asking for a jury trial and $5 billion dollars in damages Plaintiff is own attorney.

(Doc. No. 1 at 1).

## II. MOTION FOR CHANGE OF VENUE

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State

1

in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff is presently incarcerated at the Alexander Correctional Institution in Taylorsville, North Carolina. The case to which he refers in his Complaint, 1:18-cv-00273-FDW, is a habeas case that was filed in this Court pursuant to 28 U.S.C. § 2254 addressing a Buncombe County, North Carolina, criminal case.[1]

None of the alleged acts or omissions occurred in the District of Columbia and no party resides there. The District Court for the District of Columbia properly transferred the case to this Court due to lack of venue. Plaintiff's Motion to change venue back to the District of Columbia will therefore be denied.

To the extent that Plaintiff alleges that the Clerk of Court is prejudiced against him, this allegation is insufficient to warrant any relief. Liberally construing the Motion, it appears that Plaintiff may be asking the Court to recuse itself pursuant to 28 U.S.C. § 144. Under § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The Clerk of Court is not a judge, and therefore § 144 does not apply. Moreover, Plaintiff's allegations – that the Clerk of Court entered judgment against him pursuant to the Court's Order denying and dismissing the § 2254 petition with

---

[1] Sections 2254 and 1983 provide distinct remedies. If Plaintiff is attempting to seek relief in his § 2254 case, he must do so by addressing papers to the Court that contain that case number in the heading.

2

prejudice, does not merit any relief. See generally Marty's Floor Covering Co. v. GAF Corp., 604 F.2d 266 (4th Cir. 1979). Therefore, to the extent that Plaintiff moves for the Court's recusal, it will be denied.

### III. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, the Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges or immunities secured by the Constitution." Loftus v. Bobzien, 848 F.3d 278, 284 (4th Cir. 2017) (quoting Doe v. Rosa, 795 F.3d 429, 436 (4th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege that the defendant, acting under the color of law, violated her federal constitutional or statutory rights and thereby caused injury. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011).

**IV.     DISCUSSION**

The Federal Rules of Civil Procedure require a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). Conclusory allegations, unsupported by specific allegations of material fact are not sufficient. Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990). A pleader must allege facts, directly or indirectly, that support each element of the claim. Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002).

The Complaint is so vague and conclusory that the Court cannot discern the nature of the claim or its plausibility. The Complaint will therefore be dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted.

Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which

he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each defendant. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

## V. CONCLUSION

For the reasons stated herein, the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Plaintiff may file an Amended Complaint within 14 days of this Order. Plaintiff's Motion to Change Venue, (Doc. No. 9), is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

2. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed

and closed without prejudice and without further notice to Plaintiff.

3. Plaintiff's Motion to Change Venue, (Doc. No. 9), is **DENIED**.

4. The Clerk of Court is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: August 7, 2019

Frank D. Whitney
Chief United States District Judge