| | | |
|---|---|---|
| JAMES DAVID NANNEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| ERIC A. HOOKS, | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint filed under 42 U.S.C. § 1983, (Doc. No. 12), and on Plaintiff's Motion to Remove $350 Filing Fee, (Doc. No. 15), and Motion to Appoint Counsel, (Doc. No. 16). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 8).

## I.    BACKGROUND

The *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Columbia. (Doc. No. 1). The District of Columbia court transferred the matter to this Court due to improper venue. (Doc. No. 3). This Court dismissed the Complaint without prejudice on initial review and ordered Plaintiff to amend. The Amended Complaint is now before the Court for initial review.

Plaintiff names as the sole Defendant Eric A. Hooks, Secretary of the Department of Public Safety, in his official capacity. The Amended Complaint alleges *verbatim*:

> Erik A. Hooks said he/she was a Respondent as the state of North Carolina Buncombe County Court case # 1:18-cv-273-FDW which was a lie. And then he/she purged and change their name.

(Doc. No. 1 at 4).

1

Plaintiff alleges that Defendant Hooks violated § 1983 by depriving Plaintiff of his right to a fair trial. (Doc. No. 1 at 3). He seeks $5 billion in damages.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, the Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007);

see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges or immunities secured by the Constitution." Loftus v. Bobzien, 848 F.3d 278, 284 (4th Cir. 2017) (quoting Doe v. Rosa, 795 F.3d 429, 436 (4th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege that the defendant, acting under the color of law, violated her federal constitutional or statutory rights and thereby caused injury. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens of any Foreign State." U.S. Const. Amend. 11. Thus, § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages are barred absent a waiver by the State or a valid congressional override. Kentucky v. Graham, 473 U.S. 159, 169 (1985).

## III.    DISCUSSION

The Amended Complaint is fails to correct any of the deficiencies that the Court identified in the initial screening Order. The Amended Complaint is frivolous, fails to state a claim on which relief can be granted, and seeks monetary relief against an immune defendant. See R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim); Simpson v. Welch, 900 F.2d 33, 35

(4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact, are not sufficient); <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 93 (1989) (neither the state nor its officials acting in their official capacities are "persons" under § 1983).

The Amended Complaint will therefore be dismissed as frivolous, for failure to state a claim upon which relief can be granted, and for seeking damages against an immune party pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and this case will be closed.

## IV. PENDING MOTIONS

First, Plaintiff asks the Court to remove the $350 filing fee debt from his prison account.

The Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee…." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, … [and] by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), *overruled on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007); <u>see</u> <u>also</u> <u>Goins v. Decaro</u>, 241 F.3d 260, 262 (2d Cir. 2001) ("we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals."); <u>Williams v. Roberts</u>, 116 F.3d 1126, 1127 (5th Cir. 1997) ("the filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter.").

Plaintiff was obligated by statute to pay the full filing fee upon initiation of this civil suit. The fee became due upon filing and Plaintiff is required to pay the fee regardless of the case's

disposition. <u>See</u> <u>McGore</u>, 114 F.3d at 607; 28 U.S.C. § 1915(b)(1). Therefore, the Motion to Remove $350 Filing Fee will be denied.

Second, Plaintiff has filed a Motion to Appoint Counsel. Plaintiff alleges that he does not have the laws and rules in front of him, he lacks access to a computer, and he is indigent.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987).

No extraordinary circumstances are present and the Motion seeking the appointment of counsel will be denied.

## V.     CONCLUSION

For the reasons stated herein, the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), Plaintiff's pending Motions are denied, and this case will be closed.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 12), is **DISMISSED** as frivolous, for failure to state a claim, and for seeking monetary relief against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. Plaintiff's Motion to Remove $350 Filing Fee, (Doc. No. 15), is **DENIED**.

3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 16), is **DENIED**.

4. The Clerk of Court is instructed to close this case.

Signed: September 12, 2019

Frank D. Whitney
Chief United States District Judge