IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00215-MR

| | |
|---|---|
| JAMES DAVID NANNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ERIK A. HOOKS, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Complaint" [Doc. 20] that was docketed as a Motion for Attorney's Fees and Expenses.

The *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He is proceeding *in forma pauperis*. [Doc. 8].

The case was assigned to then-Chief Judge Frank D. Whitney, who dismissed the Complaint on initial review and granted Plaintiff the opportunity to amend. [Doc. 11]. Judge Whitney then dismissed the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and the case was closed on September 12, 2019. [Docs. 12, 17]. The case was administratively reassigned to the undersigned on April 24, 2020.

In the instant "Complaint" [Doc. 20] Plaintiff appears to allege that Judge Whitney is biased against him due to race and that Defendant violated

his rights and is trying to steal from him. He asks the Court to award him $2,000,000 in attorney's fees and $120,000 in expenses.[1] [Doc. 20 at 1].

A litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Plaintiff's Motion is insufficient under § 144 and, in any event, it is moot insofar as this action has been closed and the case has been administratively reassigned.

It is within a court's discretion to award the prevailing party reasonable attorney's fees as part of the costs in a § 1983 action. 42 U.S.C. § 1988; see 42 U.S.C. § 1997e(d) (addressing attorney's fees in prisoner litigation). However, Plaintiff is not entitled to recover costs and fees in this action because he was not the prevailing party. Plaintiff's request for costs and fees will therefore be denied.

To the extent that Plaintiff is seeking to state new claims for relief, he must raise them in a separate action as the instant case is closed.

---

[1] Plaintiff seeks costs and fees pursuant to "15 U.S.C. § 784-4(A)4" but there is no such statute. [Doc. 20 at 1]. Plaintiff's request will be liberally construed as seeking relief under 42 U.S.C. § 1988.

2

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Complaint" [Doc. 12] is construed as a Motion for Recusal and for Costs and Fees, and it is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 7, 2020

Martin Reidinger
Chief United States District Judge