IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00215-MR

| | |
|---|---|
| JAMES DAVID NANNEY, | ) |
| Plaintiff, | ) |
| vs. | ) |
| ERIC A. HOOKS, | ) **ORDER** |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Second Amended Complaint [Doc. 22]. Plaintiff is proceeding *in forma pauperis*. [See Doc. 8].

**I.   BACKGROUND**

The incarcerated *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Eric A. Hooks, the Secretary of the North Carolina Department of Public Safety.[1] The Complaint was dismissed on initial review pursuant to 28 U.S.C. § 1915 and Plaintiff was given the opportunity to amend.[2] [See Doc. 11]. Plaintiff filed an Amended Complaint, which was also dismissed pursuant to § 1915. [See Docs. 12, 17]. The

---

[1] This action was originally filed in the United States District Court for the District of Columbia and it was transferred to this Court due to improper venue. [See Doc. 3].

[2] The case was assigned to Judge Frank D. Whitney at that time.

Judgment was entered and the case was closed on September 12, 2019. [Id.].

Plaintiff has now filed a Second Amended Complaint that was docketed on July 15, 2020.[3] [Doc. 22]. In it, Plaintiff appears to contend that this § 1983 action was fraudulently closed and that the Court's actions were "rac[ist], biased, unconstitution[al] & un-American."[4] [Doc. 22 at 1].

In light of the fact that the Plaintiff's case was dismissed and closed by Judge Whitney some ten months ago, the Second Amended Complaint will be liberally construed as a Motion for Reconsideration pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994

---

[3] The Second Amended Complaint, which is undated, was post-marked July 13, 2020. See generally Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule).

[4] Plaintiff also refers to his state conviction and sentence in the Second Amended Complaint. However, Plaintiff's challenges to his state conviction and custody are not cognizable in this § 1983 action. See generally Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("A [Section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

2

F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

The instant Motion for Reconsideration was filed well outside the time for seeking relief under Rule 59(e). Moreover, Plaintiff has failed to allege an intervening change of controlling law, new evidence, or clear error. Therefore, to the extent that Plaintiff seeks relief under Rule 59(e), his Motion will be denied.

Rule 60(b) permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). To succeed under Rule 60(b)(3), a party must: (1) demonstrate that it had a meritorious claim; (2) prove the misconduct by clear and convincing evidence; and (3) demonstrate that the misconduct prevented it from fully and fairly presenting that claim. Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994). Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

Rule 60(d) provides that Rule 60(b) does not limit a court's power to set aside a judgment for "fraud on the court." An allegation of fraud on the court is "typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in

4

which the integrity of the court and its ability to function impartially is directly impinged." <u>Great Coastal Express v. International Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.</u>, 675 F.2d 1349, 1355–56 (4th Cir. 1982). A party asserting a fraud upon the court must establish a material and deliberate fraud. <u>Id.</u> at 1353–56.

Liberally construing the *pro se* Motion, Plaintiff appears to seek relief under Rules 60(b)(3), (b)(6), and (d). However, Plaintiff's conclusory reference to fraud is not supported by any factual assertions whatsoever. As such, the Court cannot conclude that any fraud occurred and his Motion will be denied to the extent he seeks relief under Rules 60(b)(3) and (d). Reviewing the Record before this Court, it appears that the Plaintiff previously filed an action pursuant to 28 USC § 2254 seeking to set aside his state court conviction. [1:18 CR 273 WDNC]. That matter was dismissed as untimely. [Id., Doc. 7]. In the present case the Plaintiff seeks relief from the North Carolina Secretary of the Department of Public Safety pursuant to 42 USC § 1983 for the Secretary having defended the prior case in his official capacity rather than as the State of North Carolina, which the Plaintiff asserts to be fraudulent. The Plaintiff also presents conclusory allegations regarding the Coca Cola Company having defrauded him of $1 million. The Secretary, however, was the proper party in that § 2254 claim, and the Coca Cola

Company is not a state actor. Therefore, the claims that Plaintiff appears to be trying to assert are clearly without legal merit.

Further, Plaintiff has not demonstrated any basis for relief under Rule 60(b)(6). Plaintiff merely expresses his disagreement with the Court's dismissal of his case which he conclusively characterizes as racist, biased, unconstitutional, and un-American. However, these contentions are without any support in the record and Plaintiff has failed to establish that extraordinary circumstances are present.[5] Therefore, Plaintiff's Motion will be denied to the extent that he seeks relief pursuant to Rule 60(b)(6).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Second Amended Complaint [Doc. 22] is construed as a Motion for Reconsideration and is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 27, 2020

Martin Reidinger
Chief United States District Judge

---

[5] Any suggestion that Judge Whitney should recuse himself for bias is completely unsupported by the record. In any event, Plaintiff's request for recusal is moot because this case has been reassigned.