IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00215-MR

| | |
|---|---|
| **JAMES DAVID NANNEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **ERIC A. HOOKS,** ) | **ORDER** |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Refile [Doc. 24]. Plaintiff is proceeding *in forma pauperis*. [See Doc. 8].

The incarcerated *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Eric A. Hooks, the Secretary of the North Carolina Department of Public Safety.[1] The Complaint was dismissed on initial review pursuant to 28 U.S.C. § 1915 and Plaintiff was given the opportunity to amend. [See Doc. 11]. The Plaintiff filed an Amended Complaint, but it too was dismissed pursuant to § 1915. [See Docs. 12, 17]. The Judgment was entered and the case was closed on September 12,

---

[1] This action was originally filed in the United States District Court for the District of Columbia, and it was transferred to this Court due to improper venue. [See Doc. 3].

2019.[2] [Id.]. Undeterred, the Plaintiff filed a Second Amended Complaint in which he appeared to contend that this § 1983 action was fraudulently closed and that the Court's actions were "rac[ist], biased, unconstitution[al] & un-American." [Doc. 22 at 1]. The Second Amended Complaint was construed as a Motion for Reconsideration pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure and was denied on July 28, 2020. [Doc. 23].

The Plaintiff has now filed the instant Motion to Refile. He appears to argue that this case was dismissed because he had yet to pay the full filing fee (which he contends he lacks the funds to do), and that this deprived him of the right to initiate an action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). [Doc. 24 at 1].

The Plaintiff's Motion to Refile is denied. The dismissal of this action had nothing to do with his ability to pay the filing fee for this action. Rather, his case was dismissed due to his inability to state a plausible claim.[3] [Docs. 11, 17]. Moreover, the Plaintiff's lack of funds does not prevent him from

---

[2] The case was assigned to Judge Frank D. Whitney at that time.

[3] As Judge Whitney previously noted, the prison will continue deducting funds from the Plaintiff's inmate account, even though the case has been dismissed, until the filing fee is paid in full. [<u>See</u> Doc. 17] (denying the Plaintiff's Motion to Remove $350 Filing Fee).

2

applying to commence another lawsuit in accordance with the Prison Litigation Reform Act's *in forma pauperis* provisions. See 28 U.S.C. § 1915(b). However, to the extent that the Plaintiff may be attempting to revive the instant action, he has stated no basis whatsoever for such relief. [See Doc. 23].

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Refile [Doc. 24] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 14, 2021

Martin Reidinger
Chief United States District Judge