IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00215-MR

| | |
|---|---|
| JAMES DAVID NANNEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ERIC A. HOOKS, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Refile and for Change of Venue [Doc. 26]. The Plaintiff is proceeding in forma pauperis. [See Doc. 8].

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Eric A. Hooks, the Secretary of the North Carolina Department of Public Safety.[1] The Complaint was dismissed on initial review pursuant to 28 U.S.C. § 1915 and Plaintiff was given the opportunity to amend. [See Doc. 11]. The Plaintiff filed an Amended Complaint, but it too was dismissed pursuant to § 1915. [See Docs. 12, 17].

---

[1] This action was originally filed in the United States District Court for the District of Columbia and was transferred to this Court due to improper venue. [See Doc. 3].

The Judgment was entered and the case was closed on September 12, 2019.[2] [Id.].

Undeterred, the Plaintiff filed a Second Amended Complaint in which he appeared to contend that this § 1983 action was fraudulently closed and that the Court's actions were "rac[ist], biased, unconstitution[al] & un-American." [Doc. 22 at 1]. The Second Amended Complaint was construed as a Motion for Reconsideration pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure and was denied on July 28, 2020. [Doc. 23].

The Plaintiff then filed a Motion to Refile in which he appeared to argue that the case was dismissed for failure to pay the full filing fee, and that his failure to pay the full filing fee in this case is preventing him from initiating another civil rights action. [Doc. 24 at 1; see Doc. 8]. The Motion to Refile was denied on April 14, 2021 because the dismissal was due to the Plaintiff's inability to state a plausible claim, and not due to his failure to pay the filing fee. [Doc. 25]. The Court found that, to the extent that the Plaintiff was attempting to revive this action, there was no basis whatsoever for such relief. The Court further noted that the Plaintiff could apply to commence

---

[2] The case was assigned to Judge Frank D. Whitney at that time.

another lawsuit in accordance with the Prison Litigation Reform Act's *in forma pauperis* provision. [Id. at 2-3].

On May 10, 2022, the Plaintiff filed the instant Motion to Refile and for Change of Venue.[3] [Doc. 26]. He is "petitioning . . . for a lawsuit against Defendant Erik Hooks . . . for violating [Plaintiff's] 14th Amendment Constitutional rights." [Id. at 1]. He claims that the North Carolina Department of Prisons "block[ed] [his] state conviction process"; the North Carolina Judicial Branch and Administrative Office of the Courts "destroy[ed] [his] record on 1/2/19"; and that he is still being held against his will and his constitutional rights.[4] [Doc. 26 at 1-2]. He requests a "change of venue to the Central District" because it "may be a great move for both parties." [Id. at 2].

The Plaintiff has again attempted to revive this case without any justification whatsoever. Accordingly, the Motion is denied. The Plaintiff is cautioned that future frivolous or duplicative filings in this case will be summarily stricken and may result in the imposition of sanctions.

---

[3] The docketing date is used here because the Plaintiff failed to certify the date upon which he placed the Motion in his prison's mail.

[4] To the extent that the Plaintiff is attempting to challenge his North Carolina conviction and/or sentence, he must do so pursuant to a petition for writ of habeas corpus rather than in a civil rights action. See generally Prieser v. Rodriguez, 411 U.S. 475 (1973); 28 U.S.C. § 2254.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Refile and for Change of Venue [Doc. 26] is **DENIED**. Future frivolous or duplicative filings in this case will be summarily stricken and may result in the imposition of sanctions.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 2254 form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: July 9, 2022

Martin Reidinger
Chief United States District Judge

4

Case 1:19-cv-00215-MR   Document 27   Filed 07/11/22   Page 4 of 4